IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                      PLAINTIFF

V.                         CASE NO. 5:19-CR-50063

KYLE PAUL VANCE                                                               DEFENDANT

## ORDER

Defendant Kyle Vance has been charged with enticing a minor to engage in sexually explicit conduct and receiving a sexually explicit depiction of a minor, in violation of 18 U.S.C. §§ 2251(a), (e), and 18 U.S.C. §§ 2252(a)(2) and (b)(1). The charged conduct involves Mr. Vance's electronic communications with a 9-year old victim, who will be referred to herein as "L.P." Specifically, it is alleged that Mr. Vance enticed and solicited L.P. to send him sexually explicit images. The matter is scheduled for a jury trial to commence on October 7, 2019.

On September 20th, the Government filed a notice of intention to introduce evidence pursuant to Federal Rule of Evidence 414 or, alternatively, 404(b) (Doc. 22). Specifically, the Government intends to introduce evidence that, approximately six months after his charged conduct involving L.P., Mr. Vance solicited through Facebook the production of sexually explicit images from a 15-year old and her 5-year old relative. The 15-year old is referred to herein as "M.B." On September 25th Mr. Vance filed a Response and Objection to the Government's Notice (Doc. 24), which the Court construes as a Motion to Exclude the noticed evidence.

At the pre-trial hearing yesterday, the Government clarified that it is seeking to introduce the following evidence under Rule 414 and 404(b): (1) Mr. Vance's admissions related to M.B., which are found in a transcript of his interview with investigative agents[1]; (2) live testimony from M.B; (3) a transcript of Facebook messages between Mr. Vance and M.B.; and (4) the images of M.B. sent to Mr. Vance within the Facebook messages.[2] Mr. Vance clarified that he does not object to the introduction of his admissions related to M.B., but he does object to the introduction of the other evidence. Also, for context and comparison, the Government provided the communications and charged images that Mr. Vance allegedly enticed L.P. to send him via Facebook.[3] Counsel argued their positions at the pre-trial hearing, and the Court has now had an opportunity to review the materials and images that were received as exhibits.

For the reasons set forth below, the Court will not exclude Mr. Vance's admissions relating to his communications with M.B., live testimony from M.B., or the transcript of the Facebook messages between Mr. Vance and M.B. However, the Court will exclude the photographs of M.B. (and her 5-year old relative) which are found within the transcript of the Facebook messages between Mr. Vance and M.B.

## I. DISCUSSION

Federal Rule of Evidence 414(a) states that, "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on

---

[1] Received at the hearing under seal as Government's Exhibit 1.

[2] Received at the hearing under seal as Government's Exhibit 2.

[3] Received at the hearing under seal as Government's Exhibit 3.

any matter to which it is relevant." Neither party disputes that Rule 414 governs the evidence at issue here. When considering the admissibility of Rule 414 evidence, a court "must first determine whether the evidence has probative value" and then "balance that probative value against the risk of unfair prejudice (and any other pertinent Rule 403 factor)." *U.S. v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001) (citations omitted). To the extent that Rule 414 evidence "tends to prove [a defendant's] propensity to molest young children," that is not unfairly prejudicial. *Id.* (holding that because evidence of prior abuse was similar to the acts charged, it was not so inflammatory that it unduly diverted attention from the issues of the case).

Alternatively, the Government offers Rule 404(b) of the Federal Rules of Evidence as grounds for the admission of the evidence relating to M.B. Rule 404(b) permits the admission of evidence of a crime, wrongful act, or other act to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Evidence is admissible under Rule 404(b) if it is "(1) relevant to a material issue, such as knowledge, (2) proved by a preponderance of the evidence, (3) greater in probative value than prejudicial effect, and (4) similar in kind and close in time to the charged offense." *U.S. v. Moberg*, 888 F.3d 966, 970 (8th Cir. 2018) (quoting *U.S. v. Jones*, 255 F.3d 916, 919 (8th Cir. 2001)) (internal quotation marks omitted).

Mr. Vance conceded at the pre-trial hearing that his mirandized interview with investigative agents is admissible at trial. The Court has reviewed the entire transcript of those admissions (Exhibit 1) and must now weigh the probative and prejudicial value of the other evidence to which Mr. Vance objects.

3

With Mr. Vance's admissions in mind, the Court concludes that M.B.'s live testimony at trial and the Facebook messages between M.B. and Mr. Vance are admissible under both Rules 414 and 404(b).  After comparing the Facebook messages (Exhibits 2 and 3), the Court concludes that Mr. Vance requested M.B. to send him sexually explicit images of M.B. and a 5-year old in a manner that is very similar to Mr. Vance's charged conduct.  Specifically, Mr. Vance contacted both L.P. and M.B. over the same social media platform and sought to persuade them—repeatedly—to send him sexually explicit photographs.  Further, the communications that the Government seeks to introduce between Mr. Vance and M.B. occurred only approximately six months after the charged conduct.  The case law is clear that an inference of propensity to commit sexual crimes against a child is not, by itself, "unfairly prejudicial" under Rule 414. *Gabe*, 237 F.3d at 959.  Given the similarities and temporal proximity between Mr. Vance's charged conduct and his communications with M.B., the Court concludes that Mr. Vance's messages between himself and M.B. are not "unfairly prejudicial," and therefore such evidence is admissible under Rule 414.  Similarly, the Court finds that M.B.'s live testimony, while undoubtedly prejudicial to Mr. Vance, will illustrate the similarities between Mr. Vance's conduct toward her and his enticement of L.P.  Accordingly, the Court also concludes that M.B.'s live testimony is not "unfairly prejudicial" and is admissible under Rule 414.

Further, the Court also concludes that the messages between Mr. Vance and M.B. and M.B.'s live testimony are admissible under Rule 404(b).  Such evidence is relevant to Mr. Vance's intent, knowledge, and lack of accident or mistake.  *See U.S. v. Riepe*, 858 F.3d 522, 560 (8th Cir. 2017) (holding that defendant's prior contact with minors was

4

admissible under Rule 404(b) because such evidence "was unquestionably relevant to his planning, his knowledge, and his preparation for his later contact with [the victim]").

Here, Mr. Vance's interview by law enforcement (Exhibit 1) suggests that he initially minimized his knowledge and intentions with respect to his online communications with L.P. Likewise, Mr. Vance shrouded his request for an explicit image from L.P. by using a euphemism ("peach") to describe her vagina. This leaves room for Mr. Vance to argue at trial that L.P. misinterpreted his intentions. The Court finds Mr. Vance's Facebook communications with M.B., as well as M.B.'s proposed testimony, to be very relevant and highly probative as to not only Mr. Vance's true intentions, but also whether L.P. was mistaken in her interpretation of Mr. Vance's requests. And while such evidence is prejudicial to Mr. Vance, its probative value—especially considering its similarities and temporal proximity to the charged conduct—outweighs its prejudicial effect because it goes to the core of the central fact issue: Did Mr. Vance knowingly act with the purpose to entice L.P. to send him sexually explicit photographs. Thus, the Court concludes that the transcript of Mr. Vance's Facebook messages with M.B. and M.B.'s live testimony are admissible under Rule 404(b).

As to the images of M.B. that were sent to Mr. Vance, the Court concludes that the prejudicial effect of these images so far outweighs any additional probative value that they are inadmissible under either Rule 414 or 404(b). First, Mr. Vance's admissions and the other evidence just discussed will lessen the probative value of the images. Furthermore, the Court has reviewed the photographs of M.B. and her 5-year old relative and concludes that they will inevitably inflame the jury and unfairly prejudice Mr. Vance. Indeed, by comparison, the Court concludes that the photographs of M.B. are an order of magnitude

more offensive than the photographs of L.P.  The Court does not believe that a limiting instruction would dampen the prejudicial effect.  Accordingly, the Court will not permit the Government to introduce the photographs of M.B. that are contained within the Facebook messages between Mr. Vance and M.B.

## II. CONCLUSION

For the reasons discussed above, the Court will allow the Government to introduce the following evidence of Mr. Vance's other acts:  (1) the live testimony of M.B and (2) the transcript of the Facebook messages between Mr. Vance and M.B.  That said, the Government may not expressly refer to this evidence in its opening statement, nor may it dwell or linger upon this evidence while it is being presented.  The Court will not, however, allow the Government to introduce (or include) the images of M.B. which are contained within the Facebook messages between Mr. Vance and M.B.

Upon Mr. Vance's request, the Court will provide a limiting instruction to the jury prior to the introduction of the live testimony of M.B and the transcript of the Facebook messages between Mr. Vance and M.B.  The Government is advised that it should provide the Court with adequate notice before such evidence is introduced, so that the Court may timely instruct the jury.

**IT IS SO ORDERED** on this 4th day of October, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE